UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-24199-KING

CANAL INSURANCE COMPANY,

    Plaintiff,

v.

FLORIDA BEAUTY EXPRESS, INC.
and KIMBERLY HARVEY SINGLETON,

    Defendants.

_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon Defendant KIMBERLY HARVEY SINGLETON's Motion to Dismiss (the "Motion") (DE 15), filed December 30, 2014, and Defendant FLORIDA BEAUTY EXPRESS, INC.'s ("Florida Beauty") Answer, Affirmative Defenses, and Counterclaim (DE 18), filed January 16, 2015.[1]

## BACKGROUND

This action stems from a previously-filed action brought by Singleton, as personal representative of the estate of Jesse Singleton, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "state action"). The parties to the state action are Singleton, on the one hand, and Florida Beauty and Disposall, Inc., the owners of two tractor-trailers that were involved in a collision which resulted in Jesse Singleton's death, on the other hand. The complaint in the state action (DE 1-2) alleges that Jesse Singleton was a passenger in Florida Beauty's tractor-trailer at the time of the collision, and that Florida Beauty and Disposall, Inc. are liable for Jesse Singleton's death based on their negligence. CANAL INSURANCE

---

[1] The Court has additionally considered Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (DE 21), filed February 23, 2015.

COMPANY ("Canal"), based on the terms and conditions of a commercial and general liability insurance policy issued by Canal to Florida Beauty (the "policy"), is providing a defense to Florida Beauty in the state action.

The case-initiating Complaint (DE 1) in this action seeks a declaration as to the rights, duties, and obligations of Canal relative to Florida Beauty pursuant to the policy; Singleton is named in the Complaint "as it is a party with a potential interest in this Declaratory Judgment [sic] action[,]" but Plaintiff states no claim against Singleton. Conversely, Florida Beauty's Answer, Affirmative Defenses, and Counterclaim seeks a declaration that the policy contractually requires Canal to 1) provide coverage for the claims asserted against Florida Beauty in the state action, 2) defend Florida Beauty in the state action, and 3) indemnify Florida Beauty for any damages for which Florida Beauty if found liable in the state action.

## DISCUSSION

The complaint in the state action merely alleges that Jesse Singleton was a passenger in Florida Beauty's tractor-trailer at the time of the collision and makes no mention of his employment status with Florida Beauty. While Canal is currently providing a defense to Florida Beauty in the state action (because, as pleaded, the complaint in the state action potentially brings the suit within policy coverage), Canal's Complaint for declaratory judgment asserts a coverage exclusion in the policy bars coverage for the claims asserted against Florida Beauty in the state action. In support of Canal's assertion, the Complaint states that Jesse Singleton was an employee of Florida Beauty at the time of his death (a fact which is not alleged in the state court complaint) and cites a portion of the policy that excludes coverage for bodily injury to Florida Beauty employees. Thus, Canal seeks a determination from this Court that the employee injury

exclusion applies to bar coverage for Singleton's claim against Florida Beauty in the state action, and an order of this Court declaring that Canal has no duty to defend and indemnify Florida Beauty in the state action.

> The Declaratory Judgment Act is an authorization, not a command. *Wilton v. Seven Falls*, 515 U.S. 277, 288 (1995). It gives federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). Among other reasons, a court may deny declaratory relief because there exists a pending state court proceeding in which the matters in controversy between the parties may be fully litigated. *Mutual Life Ins. Co. v. Adams*, 972 F. Supp. 1386, 1389 (N.D. Ala. 1997).

*Ameritas Variable Life Ins. Co. v. Roach*, No. 04-CV-P2637S, 2005 WL 1397171 (N.D. Ala. 2005). Moreover, the former Fifth Circuit Court of Appeals, in precedent that is binding on this Court,[2] "has cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of the apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured." *Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984) (citing *Am. Fidelity & Cas. Co. v. Pa. Thresherman & Farmers' Mut. Cas. Co.*, 280 F.2d 453 (5th Cir.1960)). "This caution . . . is predicated on the traditional discretion of federal courts exercising jurisdiction over declaratory judgment actions." *Id.*

Upon consideration, the Court finds that the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is the more appropriate venue for the parties to litigate this controversy. This conclusion flows from the Court's determination that allowing the instant action to proceed alongside the parallel state action would amount to gratuitous interference with the state action, wherein the facts alleged by Canal in the instant action are currently being litigated. Proceeding with the instant action despite the existence of the parallel state action

---

[2] *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

creates the risk of inconsistent factual and legal determinations – a risk which is unwarranted given that Canal is already providing a defense in the state court action pursuant to a reservation of rights. Therefore, in the interests of judicial economy and in order to avoid piecemeal or duplicative litigation, the Court declines to exercise jurisdiction over this case.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant KIMBERLY HARVEY SINGLETON's Motion to Dismiss **(DE 15)** be, and the same is, hereby **GRANTED**. CANAL INSURANCE COMPANY's Complaint **(DE 1)** and FLORIDA BEAUTY EXPRESS, INC.'s Counterclaim **(DE 18)** be, and the same are, hereby **DISMISSED**. The Clerk of Court shall **CLOSE** this case and deny all pending motions as **MOOT**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of May, 2015.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

4